UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DAVID A. FUSELIER                               CIVIL ACTION NO. 07-1797
    FED. REG. NO. 11580-035
VS.                                             SECTION P

                                          JUDGE DRELL
FREDRICK MENIFEE, WARDEN                        MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the court is David A. Fuselier's *pro se* petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 on October 26, 2007. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving sentences imposed in the Lake Charles Division of this Court following his convictions for three felony offenses. See United States of America v. David Anthony Fuselier, No. 2:02-cr-20116.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

#### *Statement of the Case*

On February 25, 2003 petitioner pled guilty to charges of conspiracy to violate federal civil rights, interference with housing rights, and using fire or explosives to commit a felony

(18 U.S.C. §241; 42 U.S.C. §3631(a) and 18 U.S.C. §2; and 18 U.S.C. §844(h)(1) and 18 U.S.C. §2). On April 10, 2003 he was ordered to serve sentences totaling 10-years and 37-months. See United States of America v. David Anthony Fuselier, No. 2:02-cr-20116.

On April 20, 2004 the sentences were affirmed on appeal to the United States Fifth Circuit Court of Appeal. See United States of America v. David Anthony Fuselier, 95 Fed.Appx. 85, 2004 WL 838839 (5th Cir. 2004).

On June 3, 2004 petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255. On January 25, 2005 the Motion to Vacate was denied. See United States of America v. David Anthony Fuselier, No. 2:02-cr-20116.

On February 9, 2006 petitioner, who was at that time incarcerated at the Calcasieu Parish Jail, filed a petition for writ of *habeas corpus* in the Lake Charles Division of this Court. Petitioner sought to collaterally attack his conviction and sentence pursuant to 28 U.S.C. §2255's "savings clause." On June 13, 2006 the petition was denied and dismissed with prejudice. See David A. Fuselier v. Sheriff's Prison Calcasieu Parish, No. 2:06-cv-00238.

Petitioner filed the instant petition for writ of *habeas corpus* on October 26, 2007. He alleged a single ground for relief, "U.S. Government waived jurisdictional right to execute

2

petitioner's sentence to excessive delay." [doc. 1, paragraph 7]

In support of this claim he alleged, "The petitioner who was in the custody and primary jurisdiction of the United States government contests that after his sentencing on April 12, 2003 he was taken by the United States Marshals to the Calcasieu Parish county [sic] jail where he was informed by the marshals that dropped petitioner off that they (the marshals) would be back to get him in a couple of days. The petitioner was left in the Calcasieu Parish ... jail until May 14, 2007 despite pleas from the petitioner's mother who called the United States Marshals repeatedly concerning the matter."

He further complained of conditions of confinement during his incarceration at the Calcasieu Parish Jail. He also complained that he was not being held on state charges, nor was he incarcerated in the Louisiana facility as a result of a detainer or writ of *habeas corpus*. He also alleged that upon his arrival at the United States Penitentiary on May 14, 2007 he was advised that he would not be credited with the time served while he was in the Calcasieu Parish Jail.

Finally, petitioner restated his claim for relief, "... the government did not properly execute the sentence thus waiving its right to do so. The government did not release the prisoner to the State/County via the proper writ or through the Interstate Agreement on Detainers Act. Therefore the petitioner requests his

release from his sentence that he is currently being held for by the Bureau of Prisons."

### *Law and Analysis*

### *1. Habeas Relief - Custody in Violation of the Constitution*

Petitioner seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. §2241. Under the explicit terms of that statute, relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3).

Petitioner claims that his incarceration in the Calcasieu Parish Jail from April 2003 - May 2007 somehow deprived the government of "jurisdiction" over him. He claims that the government failed to properly execute the federal sentence and this failure resulted in the waiver of its right to do so. Petitioner, however, has pointed to no specific violation of the Constitution or laws of the United States, and, of course, he cannot do so since federal law clearly authorizes the Bureau of Prisons to house inmates in their custody <u>at a facility of their choosing</u>. 18 U.S.C. §3621 provides in pertinent part:

> (a) **Commitment to custody of Bureau of Prisons.** – A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior ...
>
> (b) **Place of imprisonment.** – <u>The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available</u>

4

> <u>penal or correctional facility</u> that meets minimum standards of health and habitability established by the Bureau, <u>whether maintained by the Federal Government or otherwise</u> and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable ...

Clearly, the Bureau of Prisons was authorized to designate the Calcasieu Parish Jail as a facility to house petitioner.

To the extent that petitioner was dissatisfied with that designation, he fails to state a claim for which relief may be granted, since the Supreme Court has held that prisoners lack a constitutionally protected interest in where they are incarcerated. See <u>Olim v. Wakinekona</u>, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Therefore, petitioner's *habeas* claims are without a basis in law and must be dismissed.

## 2. Habeas Relief - Computation of Sentence

That does not end our inquiry, however. While petitioner has not shown that his custody is in violation of the Constitution or laws of the United States, he does suggest that the Bureau of Prisons has not credited him for time served in the Calcasieu Parish Jail. Such a claim that may entitle him to relief, since success on the claim may entitle him to a speedier, if not immediate, release from custody. 18 U.S.C. §3585 provides in part,

> (a) **Commencement of Sentence.** - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at,

5

>the official detention facility at which the sentence is to be served.
>
>(b) **Credit for prior custody.** - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence.

The record presently before the court is insufficient to establish whether this provision applies to petitioner's case. Moreover, it does not appear that petitioner exhausted administrative remedies available through the Bureau of Prisons. With regard to the computation of sentence credit, it is the duty of the Bureau of Prisons, and not the court, to compute the credit due under § 3585(b). United States v. Wilson, 503 U.S. 329, 334, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992). "Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 C.F.R. §§ 542.10-542.16 (1990); and prisoners have been able to seek judicial review of these computations <u>after exhausting their administrative remedies</u>...." *Id.* at 335-36, 112 S.Ct. at 1355 (citations omitted); see also United States v. Dowling, 962 F.2d 390, 393 (5th Cir.1992) ("[p]risoners may [ ] seek administrative review of the computations of their credit ... and, once they have exhausted their administrative remedies, prisoners only then pursue judicial review of these computations..."); See, also United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir.1990);

Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir.1995)(the exhaustion requirement applies to the computation of sentence credit awards.)

The Federal Bureau of Prisons provides a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel.

Petitioner has neither alleged nor demonstrated that he exhausted these administrative remedies.[1] Accordingly, to the extent that he seeks review of the Bureau's computation of his sentence, his federal *habeas* petition must be dismissed without prejudice.

Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal

---

[1] Indeed, it is highly improbable that petitioner has completed the administrative review process. By his own admission, he arrived at the United States Penitentiary in May 2007 and that is when he discovered that he would not be afforded credit for the time served in the Calcasieu Parish Jail. He filed his federal habeas corpus petition in October, a mere five months after his arrival at USPP. It is unlikely that he could have exhausted all four steps of the administrative remedy procedure in that time. Of course, if he did in fact exhaust administrative remedies with regard to his sentence computation claim, he should provide proof of such exhaustion during the period allotted for filing an objection to this Report and Recommendation.

Writ of Habeas Corpus Under 28 U.S.C. §2241 which alleges that he is in custody in violation of the Constitution and laws of the United State be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 which alleges that the Bureau of Prisons has erroneously calculated sentence credits be **DENIED** and **DISMISSED WITHOUT PREJUDICE** based on petitioner's failure to exhaust administrative remedies prior to filing suit.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglas v. United Services Automobile Association, 79 F.3d 1415

(5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _November 28_, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE